Hale, J.
We are asked to review an order and judgment of the court of common pleas in overruling a motion to set aside an attachment. We learn from the record that on the 5th day of August, 1890, the case in which the attachment issued was commenced by The Lorain Savings and Banking Co. against The National Vapor Stove Co. upon four causes of action. Three of these causes of action were founded on promissory notes not then due, amounting to more than $12,000. The fourth cause of action was for money loaned |by the Bank to The Vapor Stove Co. then due, in all $1,209.28.
An attachment was granted by the court, the claim not being due, issued and levied upon the property of the company. The levy was made on the 7th of August. The National Vapor Stove Co. on the day the levy was made, August 7th, made an assignment to Charles Stone for the benefit of its creditors.
Stone, after qualifying as assignee, became a party to the suit, and on the 16th day of September filed a motion to dissolve the attachment. This motion was overruled by the court, and it is the order of the court in overruling that motion that we are to review.
On the hearing of that motion affidavits were read, witnesses examined and a bill of exceptions taken embracing all the testimony produced upon the hearing and made a part of the record.
The grounds of the attachment were stated substantially in the language of the statute, sec. 5564; and were, first, that debtor had sold, conveyed or otherwise disposed of his property with the fraudulent intent to cheat and defraud creditors, and second, that he was about to make such sale with like intent, and third, that he was about to remove his property out of the jurisdiction of the court.
The ground on which such reversal is asked is that the allegations of the affidavit were untrue. That the alleged facts therein stated did not exist.
*638 On the 5th of August three different judgments were rendered against this company upon notes to which were attached power of attorney, authorizing confession of the judgment, and upon the 7th day a levy was made upon the property of the company. These judgments were taken one in favor of Mrs. Cummen, the wife of the president, and the others in favor of other creditors.
There is no evidence of any conveyance, transfer or attempted conveyance or transfer of this property by the corporation other than that growing out of these judgments and the levy made under them. Certain it is that after this attachment was made, or at the time, there was no intention or purpose on the part of the company to do with its property anything other than hold it for the benefit of all its creditors. It had been made a matter of record by the company that the assignment was to be made before these attachments were issued. So that as to the last two claims as grounds for this attachment it is evident and clear that there was no intention or purpose on the part of the company to act fraudulently towards its creditors.
There was some evidence introduced, portions of which were under objection, that The National Vapor Stove Co. procured this loan from the Bank by fraudulent representation. But it must be remembered that this is not ground for attachment for a debt not due, and no such cause was stated in the affidavit upon which the attachment was issued as the ground for an attachment upon the claim then due. We are then only to inquire whether the company is to be charged with having conveyed or otherwise disposed of its property with the intent to cheat and defraud its creditors.
It is claimed that the corporation, by permitting this judgment to be taken on the 5th of August, in favor of one creditor, was guilty of a wrongful preference, and committed a fraud such as would sustain the attachment by another creditor.
The claim is that the giving of the notes, the rendition of *639 the judgments and levies of the executions on the property of the company, were so connected with the assignment that the levy cannot be sustained as against the assignee of the corporation upon the principle announced in the case of Rouse v. Merchants’ National Bank, 46 Ohio St. 493.
We do not think that the wrongful preference by a corporation of one creditor within the meaning of that case by chattel mortgage or otherwise, can be made the foundation of an attachment by another creditor to reach the same property.
It would seem unjust and unfair that the levy of an execution on the property of the company should be held invalid as against creditors, and yet lay the foundation for an attachment by another creditor to gain a like preference. We think it is not permissible for a creditor to slip in with an attachment between a preference that is given by the corporation to one creditor and an assignment made by the corporation for the benefit of all its creditors, upon the alleged ground that the preference given to the former creditor was unlawful. So that upon that ground alone this attachment cannot be sustained. Hence we are compelled to look to the testimony in the case to what there is in addition to this conveyance that will sustain the attachment.
It is said first, that this question cannot be reviewed in this court, because no motion for a new trial was made on the overruling of this motion. That is not an open question in this court. We hold that a motion for a new trial is not necessary to authorize this court to review the facts, upon which the court below determined the motion.
Sec. 5305, of the Revised- Statutes, defines the causes for which new trial will be granted. The first clause of this section reads: “A new trial is a re-examination in the same court of an issue of fact after a verdict by a jury, a report of a referee or master, or a decision by the court.”
Sec. 5128, of the Revised Statutes, defines an issue:' “Issues arise on the pleadings where a fact or conclusion of law is maintained by one party and controverted by the other.”
*640 We have held, and now hold, that no issue of the kind here defined arises upon a motion to dissolve an attachment, and therefore a motion for a new trial is unnecessary.
The original affidavit upon which the attachment issued was made by the president of the Bank, and stated the grounds of the attachment in the language of ’the statute. This was met by an affidavit of the president of The National Vapor Stove Co., in which every allegation thereof was denied. Hence the burden rested upon the defendant in error to sustain the attachment.
It is claimed that there was no consideration for the notes upon which the judgments were rendered. That it was simply a scheme on the part of the corporation to give a preference to the holders of those notes, if creditors, or to provide a means of transferring its property without consideration, and therefore the corporation must be held to have otherwise disposed of its property with intent to defraud its creditors.
The notes upon which these judgments were taken were executed long prior to the date of the judgments and the assignment by the corporation.
The witnesses examined in behalf of the Bank were Mr. Hoge, its cashier, and Mr. Pierce, its president. Neither of these witnesses had any knowledge of the consideration or want of consideration of those notes, and the testimony elicited from them has no tendency to sustain the claim made in behalf of the Bank. These witnesses did give evidence which tended to show that they were defrauded into making this loan to The National Vapor Stove Co., but that furnished no ground for the attachment. Mr. Stone, the assignee, was also examined as a witness, but gave no evidence tending to impeach the judgments or to show that they were other than disclosed by the record.
Mr. Rath, the secretary of The Stove Co., and Mr. Cummer, its vice-president, were also examined by both parties at great length, but we find nothing in all this testimony authorizing the finding that these notes were without consideration, *641 or that the corporation had transferred or otherwise disposed of its property in fraud of its creditors. We reach the conclusion that the property in controversy should either be applied in satisfaction of the executions issued upon the judgments referred to, if valid, or in case those judgments are not valid, that it should go to the assignee of the corporation for the benefit of all its creditors.
The contention between the assignee and the judgment creditors is not before us. That issue, we understand, is.pending before another court. All we hold here is, that under all the circumstances disclosed by this testimony there was no ground for the attachment to issue, and the judgment of the court below is reversed.